[No. 37378.    En Banc.    April 29, 1965.]

RUSSELL J. BOE *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.**

*A. L. Newbould* and *Gordon F. Crandall,* for appellant.

*Keith M. Callow* (of *Barker, Day, Callow & Taylor*) for respondents.

HILL, J.—The city of Seattle refused to let the plaintiffs,[1] Russell J. Boe and Florence Boe, his wife, connect their sanitary sewer to the city's trunk sewer line in Empire Way South until they signed a contract agreeing to pay a connection fee of $6,033.59; of this, $333.59 was paid in cash with the balance to be paid in quarterly installments.

The city of Seattle appeals from a judgment declaring the contract void and directing the repayment to the plain-

*Reported in 401 P.2d 648.

[1]Throughout the opinion where there is reference to "the plaintiff," the reference is to Russell J. Boe.

tiffs of the $333.59 paid thereunder; and further declaring the ordinance, under which the city had made the connection charge, unreasonable and void.

We adopt the following memorandum decision of the trial judge, the Honorable F. A. Walterskirchen, as the opinion of the court:

"This is an action to recover funds paid under protest by the plaintiff to the defendant, City of Seattle, to set aside a contract entered into under protest, and to find unconstitutional and void certain ordinances of the City of Seattle.

"During the years 1934 and 1935, the defendant City of Seattle constructed a main trunk line for the sewer system of the City of Seattle, a portion of which passes through Empire Way South. This trunk sewer was constructed with monies from the Seattle sewer bond 1926 construction fund.

"Plaintiffs own certain real property . . . which is bounded on the east by Empire Way South. The plaintiffs purchased the property in four parcels from 1951 through 1957 at a cost of $18,350. In 1949 plaintiffs' grantor paid $10 to the City of Seattle to allow him to connect a side sewer from a house then located on the property. During 1960 and 1961, plaintiff proceeded to develop this property for use as a trailer park to service forty trailers. He installed a complete sewer system costing $14,400 and expended various other sums for underground electric service, utility buildings, forty cement pads to service forty trailers, a 450-foot retaining wall, blacktop of a road, water service, fence and shrubs and grading of the land. . . . As improved, the property is to be rented to a trailer park operator for a rental of $550 to $600 per month.

"Plaintiff made application to the city for permission to connect his sewer system to the trunk sewer line running in Empire Way South. Defendant city refused to permit the connection until plaintiff signed a contract agreeing to make payment to the city of a total fee of $6,033.59. Under protest the plaintiff signed the contract and paid $333.59. The fee required of the plaintiff was based upon the total area of the plaintiffs' property, being 106,614 square feet, at the

rate of 2¢ per square foot, making a total of $2,132.28, and a total of 557.33 assessment units which at a fee of $7 a unit made a total of $3,901.31, the two figures totaling the figure of $6,033.59. These charges were required of the plaintiff based upon City Ordinance No. 89902, approved by the City of Seattle on December 29, 1960, and Ordinance No. 90233[2] adopted by the City Council on May 8, 1961 and approved by the Mayor on the same day.  . . .

"The City contends that these ordinances were passed pursuant to authority granted it by Laws of 1959, Ch. 90, § 8, which is codified as RCW 80.40.025 [35.92.025], and reads as follows:

"Authority to make charges for connecting to water or sewerage systems. Cities and towns are authorized to charge property owners seeking to connect to the water or sewerage system of the city or town as a condition to granting the right to so connect, in addition to the cost of such connection, such reasonable connection charge as the legislative body of the city or town shall determine proper in order that such property owners shall bear their equitable share of the cost of such system. Connection charges collected shall be considered revenue of such system."

"Plaintiff and defendant have agreed that the sole question remaining for the court is whether the charge provided in the Ordinance 90233 above quoted is a reasonable charge 'in order that such property owners shall bear their equitable share of the cost of such system.' Testimony introduced by Mr. Royal, the City Engineer, indicated that the cost of

[2]Section 2-A of Ordinance No. 90233 reads:

"In addition to sewer connection permit fees required by Ordinance, there is hereby imposed upon, and the owners of properties which have not been assessed or charged or borne an equitable share of the cost of the city's sewerage system shall pay prior to connection to a city sewer, a special connection charge in an amount to be computed under Section 2-B of this ordinance."

Section 2-B of Ordinance No. 90233 reads, in part:

"For Lateral sewers—$7.00 per unit of property frontage, determined in the manner prescribed by RCW 35.44.030 and 040 for determining 'assessable units of frontage.'

"For Trunk sewers—2 cents per square foot of property area whenever the property has not been previously assessed for trunk sewers."

construction of trunk sewers during the period 1920 to 1940 averaged 9 mills per square foot; that in 1940 this was reduced by the City Council to 8.1 mills per square foot with the balance of cost coming from the 1926 sewer bond fund.

"During the period 1940 to 1952, there were practically no trunk sewers completed but the cost of the Montlake sewers in 1952 was in excess of what would have been raised by 2¢ a square foot, which was the result of the inflation spiral. Mr. Royal further testified that the local improvement assessments for the years 1958-59-60 and 61 averaged out to $7.80 an assessable unit but that the figure was reduced to $6.94 by virtue of the city helping out assessment districts where the cost ran considerably higher; and that therefore any figure between $6.94 and $7.80 an assessable unit would have been considered a reasonable figure; that the 2¢ per square foot, plus the $7.00 an assessable unit, represented the cost of constructing the sewers today. Based on these cost figures, the witness recommended to the City Council that the sewer connection fee be figured on the basis of 2¢ per square foot of area and $7.00 per assessable unit; and the City Council accepted this recommendation and passed the Ordinance fixing the fees.

"The witness further testified that since the construction of the trunk sewer abutting plaintiff's property, the costs have gone up 7% per year and that had the property been assessed at the time the sewer was constructed, it would have been assessed on the basis of 9 mills per square foot. It was thus apparent that no effort was made by the city to determine what the cost of construction of the sewer system was or even the cost of constructing the trunk sewer abutting plaintiff's property in order to establish a proper connection fee. Defendant in its brief argues that there is a presumption of the validity of the ordinance. With this assertion the court must agree. However, when evidence discloses that the basis on which the ordinance establishes the fee is not the proper basis authorized by the statute, the presumption no longer holds.

■■ "The defendant also urges that the plaintiff's property having in excess of 100,000 square feet and intending to serve 40 trailer units, the fee is not unreasonable. This, however, overlooks the fundamental basis on which the fee is to be calculated, which is not that of the benefit received but merely an equitable sharing of the cost of the system. Counsel for the defendant further contends that plaintiff has the burden of proving what an equitable share of the cost would be. With this the court must disagree. The burden merely is upon the plaintiff to show that the fee is not a reasonable fee. In the instant case, the plaintiff has established the fact that the fee is based upon present construction costs which have increased 161% since the time that the trunk sewer was constructed in 1937. Such a fee is not an equitable sharing of the costs of the system. Under the evidence in this case, Ordinance No. 90233 Seattle Code No. 7.20.025 is unreasonable and therefore void. Plaintiff is entitled to have the contract declared void and to recover judgment for the sum of $333.59 paid thereunder. The City of Seattle may enact a new ordinance fixing a reasonable fee based upon the cost of the Seattle sewer system, not what it would cost today to reconstruct such system."

For the reasons indicated by Judge Walterskirchen, a connection charge, based on present day construction charges, does not represent the plaintiffs' "equitable share of the cost of such system."

Judge Walterskirchen points out that it is not the function of the plaintiffs (and, certainly, it is not the function of the courts) to establish what is a reasonable charge within the authority granted to the city by the legislature (RCW 35.92.025, formerly RCW 80.40.025).

The judgment appealed from is affirmed.

ALL CONCUR.

---

June 16, 1965. Petition for rehearing denied.